UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARCELINO GARCIA,

                Petitioner,  **REPORT AND RECOMMENDATION**

    -against-

                05 Civ. 5683 (KMK) (GAY)

WILLIAM PHILLIPS, Superintendent,
Green Haven Correctional Facility,

                Respondent.
-----------------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

Petitioner Marcelino Garcia ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

**I. BACKGROUND**

Petitioner's conviction stems from mortally stabbing Geraldo Santiago on October 20, 2001 in Haverstraw in Rockland County, New York. On May 22, 2002, in County Court, Rockland County, a jury convicted petitioner of murder in the second degree.[1] On August 1, 2002, the court principally sentenced petitioner to twenty years to life imprisonment.

---

[1] Justice Kenneth R. Resnick presided over the trial from commencement on May 1, 2002 through May 20, 2002. However, Justice Resnick became ill and the case was re-assigned to Justice William A. Kelly. Justice Kelly presided over the remaining portion of the trial from May 21, 2002 through May 22, 2002, and sentencing.

Petitioner, by and through counsel, timely appealed the judgment of conviction and sentence to the Appellate Division, Second Department ("Appellate Division") on the grounds that: (1) the preponderance of the evidence supported his affirmative defense of extreme emotional disturbance; (2) the prosecution's evidence was insufficient to support the verdict and was against the weight of evidence; and (3) the sentence imposed was harsh and excessive.  Pet. ¶ 10, Addendum (Appellant's Brief at 22-32, People v. Garcia, No. 2001-08284 (N.Y. App. Div. Aug. 13, 2004)) [hereinafter "Appellant's Brief"].  The Appellate Division affirmed petitioner's conviction and sentence.  People v. Garcia, 787 N.Y.S.2d 367, 367-68 (App. Div. 2004).  The Court of Appeals of the State of New York denied petitioner's request for further review.  People v. Garcia, 829 N.E.2d 678 (N.Y. 2005).

On June 20, 2005, petitioner timely filed the instant Petition for a Writ of Habeas Corpus wherein he asserts that he is entitled to habeas relief on the same grounds raised in his Appellant's Brief to the Appellate Division.  Pet. ¶ 13, Appellant's Brief at 22-32.  The undersigned stayed the proceedings on March 6, 2006 pending petitioner's application for a writ error coram nobis to the Appellate Division.  On October 6, 2006, the Appellate Division denied petitioner's application.  The Court of Appeals denied petitioner's leave to appeal on February 29, 2007.  The undersigned lifted the stay on the Petition for a Writ of Habeas Corpus on October 11, 2007.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state court questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. § 2254(d)(1). Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2). To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

Further, federal habeas relief is not available unless a petitioner has exhausted the remedies available in state court. Jones v. Keane, 329 F.3d 290, 294 (2d Cir. 2003) (quoting 28 U.S.C. § 2254(b)(1)(A)). "Exhaustion requires a petitioner to fairly present the federal claim in state court." Id. (citation omitted). Nonetheless, pursuant to

3

AEDPA, federal courts may "*deny* unexhausted claims on the merits." Id. at 294 n.6 (citing 28 U.S.C. § 2254(b)(2)) (emphasis in the original).

## III. DISCUSSION

### A. Insufficient Evidence

Petitioner claims that his conviction should be reversed because the prosecution submitted insufficient evidence to support a verdict for murder in the second degree beyond a reasonable doubt. Specifically, petitioner asserts that most of the witnesses did not see the actual stabbing or events leading up to it. For those who testified about the stabbing, petitioner states that they "gave different versions of the incident and what occurred both before and afterward." Appellant's Brief at 28.

Petitioner raised said claim on appeal to the Appellate Division. The Appellate Division rejected his claim, holding that he "failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his guilt of the crime of murder in the second degree beyond a reasonable doubt." Garcia, 787 N.Y.S.2d at 368 (citation omitted). The court then determined "[i]n any event" that petitioner's conviction was supported by legally sufficient evidence. . . . Id. (citations omitted).

Federal habeas corpus review of a state court's denial of a state prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground. Coleman v. Thompson, 501 U.S. 722, 750 (1991). A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation and citation omitted). Further, the adequacy of

a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end, the Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

Here, the Appellate Division clearly relied on an independent state procedural rule in denying petitioner's insufficient evidence claim. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990)) ("where a court says that a claim is 'not preserved for appellate review,' and then rules 'in any event' on the merits, such a claim is not preserved" for federal habeas review); Gonzalez v. Cunningham, 670 F. Supp. 2d 254, 260-61 (S.D.N.Y. 2009) (citations omitted). The Appellate Division held that petitioner's insufficient evidence claim was unpreserved for appellate review. Garcia, 787 N.Y.S.2d at 368. The court "relied on" this procedural violation in making its decision. See Gonzalez, 670 F. Supp. 2d at 260-61 (citations omitted) (Although the Appellate Division did not specify the grounds on which it relied to determine that petitioner's claim was unpreserved, the district court presumed it relied upon New York's contemporaneous objection rule, C.P.L. § 470.05(2)) . Finally, petitioner did not "substantially comply" with the procedural requirement to preserve issues for appeal

5

prior to appealing to the Appellate Division. Accordingly, petitioner forfeited this claim in state court, barring "him from litigating the merits of [this] claim[] in federal habeas proceedings." Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991).

Petitioner can overcome this procedural bar if he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "actual innocence of the crime charged resulting in a 'fundamental miscarriage of justice.'" Gonzalez, 670 F. Supp. 2d at 260 (citation omitted). However, petitioner made no attempt to show cause for his procedural default. Nor did petitioner assert new evidence which demonstrates actual innocence amounting to a miscarriage of justice. See Murden v. Artuz, 497 F.3d 178, 194 (2d Cir. 2007) (quoting Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002)) (In order to show actual innocence, the petitioner must "'show that it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'"). Accordingly, petitioner's insufficient evidence claim is not eligible for habeas relief.[2] See Ocean v. Cunningham, 120 F.App'x 392, 393 (2d Cir. 2005).

B. Weight of the Evidence

Petitioner also claims his conviction was against the weight of the evidence. He states said claim in two ways: (1) the verdict of murder in the second degree was against the weight of the evidence; and (2) a preponderance of the evidence supports

---

[2] In any event, petitioner's claims regarding inconsistent testimony are "the exact type of assessment[s] that [are] not for the Court to determine. Taylor v. Poole, 538 F. Supp. 2d 612, 619 (S.D.N.Y. 2008). Moreover, pursuant to the evidence at trial, "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)).

his affirmative defense of extreme emotional disturbance.  Specifically, petitioner contends that testimony of Dr. Marc Tarle, Louis DeAzea, and Yaditch Ventura supported a finding that petitioner suffered from extreme emotional disturbance. Additionally, petitioner submits that conflicts between the People's and petitioner's psychiatric experts demonstrate that it would not have been unreasonable for the jury to find that petitioner suffered from emotional disturbance.

However, well-established law prohibits federal habeas review of weight of the evidence claims.  Ex parte Craig, 282 F.138, 149 (2d Cir. 1922); Taylor, 538 F. Supp. 2d at 618.  Accordingly, petitioner's weight of the evidence claim is not reviewable here.

(C) Harsh and Excessive Sentence

Petitioner also contends that his sentence of twenty years to life imprisonment is harsh and excessive.  He admits that said sentence is "within the sentencing parameters."  Appellant's Brief at 32.  However, he submits that because he only has one past conviction for a DWI, his sentence should be reduced in the interest of justice. Id.

However, "an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." Venezia v. Greene[3], No. 06 Civ. 0524, 2009 WL 4745662, at *7 (E.D.N.Y. Dec. 7, 2009) (citing White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992)).  Here, petitioner was convicted of murder in the second degree.  Said offense is a class A-1 Felony.  N.Y. Penal Law § 125.25.  At the time of petitioner's sentencing, New York's statutory

---

[3] The Court has attached a copy of this and any other unreported decisions herein for *pro se* plaintiff's access.

7

minimum period of imprisonment was fifteen to twenty-five years, and the maximum sentence was life imprisonment.  Id. § 70.00(3)(a)(i), (2)(a) (McKinney 2002) (amended 2004).  Petitioner received a sentence of twenty years to life imprisonment, which, at the time of sentencing, fell within New York state law's prescribed range.  As such, petitioner's harsh and excessive sentence claim fails to raise a federal constitutional claim subject to habeas review.  Venezia, 2009 WL 4745662, at *7.

## IV.  CONCLUSION

For the foregoing, I conclude that the petitioner's insufficient evidence, weight of the evidence, and harsh and excessive sentence claims are barred from federal habeas review.  Accordingly, I respectfully recommend that the instant petition for a writ of habeas corpus should be dismissed.

## V.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from the receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2254 proceedings;  Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court,

Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated:  April 7, 2010
White Plains, New York

Respectfully submitted,

_____
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE